UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMIE H. LINDSEY** | **CIVIL ACTION NO. 24-0405** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **RPDC MEDICAL DEPT., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Jamie H. Lindsey, a prisoner at Richland Parish Detention Center ("RPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately March 20, 2024, under 42 U.S.C. § 1983. He names the following defendants: RPDC Medical Department, Nurse Kendra Vaughn, James Huffs, Daniel Arnold, Judy Mills, Eric Rushing, and Penny Johnson.[1] For reasons that follow, the Court should retain Plaintiff's claim against Nurse Kendra Vaughn and dismiss Plaintiff's remaining claims.

**Background**

On May 6, 2023, Plaintiff slipped and fell on a wet dormitory floor, causing him pain, suffering, and emotional distress. [doc. # 1, p. 3]. He "summoned for help[,]" but he claims that RPDC staff "denied medical attention[.]" *Id.* "He was in pain for several days" until, after "constantly complaining to guards," he "was sent to LSU-Ochsner Hospital-Shreveport where" he was diagnosed with a broken pelvis and partial paralysis on his left side. [doc. #s 1, p. 3; 8, p. 2].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff specifically alleges that Nurse Kendra Vaughn was notified of his slip, fall, and injury "through an offender medical request form[.]" [doc. # 8, p. 3]. He claims that Vaughn "disregarded" him and "did not order him any type of medications . . . ." *Id.*

Plaintiff alleges that "after being notified by the inmates in [the] dormitory that the plaintiff [slipped] and fell on the wet floor and was in need of medical assistance[,]" Defendants Huffs and Arnold "yelled and told the inmates to stay away from the entrance of the C-Dormitory door[.]" [doc. # 8, pp. 3-4]. Huffs and Arnold allegedly "disregarded the plaintiff's serious medical need[] and failed to make routine rounds to check on him . . . ." *Id.*

Plaintiff claims that Defendant Mills "failed to get help for the plaintiff on the day of the incident while she [was] working inside the booth key but rather disregarded any medical assistance . . . [sic]." [doc. # 8, p. 3].

Plaintiff claims that Defendant Rushing failed to call an ambulance for Plaintiff. [doc. # 8, p. 5].

Plaintiff claims that Nurse Penny Johnson failed to treat him after "she learned that he had slipped and fell[.]" [doc. # 8, p. 5].

Plaintiff seeks punitive damages, unspecified injunctive relief, and monetary compensation for his pain, court costs, and past and future medical expenses. [doc. #s 1, p. 4; 8, pp. 1, 5].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

4

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Medical Care**

To plead a constitutional violation, a plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (*quoting Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir.

5

1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

A. Nurse Vaughn

Plaintiff alleges that Nurse Kendra Vaughn was notified of his slip, fall, and injury "through an offender medical request form[.]" [doc. # 8, p. 3]. He claims that Vaughn "disregarded" him and "did not order him any type of medications . . . ." *Id.*

Construing Plaintiff's claim liberally and in his favor, he states a plausible constitutional claim. He alleges that he had a serious medical need—a broken pelvis and partial paralysis on his left side—and he (albeit thinly) alleges that Vaughn knew of these injuries and a substantial risk of serious harm via his medical request form, yet she failed to provide timely medical care. Although Plaintiff does not definitively state when he filed his medical request form and when Vaughn received it, he suggests—construing inferences in his favor—that both occurred the day of his injury.

While Plaintiff did receive medical care several days later,[3] he suggests that he suffered substantial harm during the delay in the form of "so much" and "serious" pain.[4] [doc. #s 1, p. 3; 8, p. 3]. "[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate indifference grounded in delayed treatment." *Williams v. Certain Individual Emps. of Texas Dep't of Crim. Just.-Institutional Div. at Jester III Unit, Richmond, Texas*, 480 F. App'x 251, 257 (5th Cir. 2010) (finding substantial harm where "there was a delay of almost 16 hours

---

[3] Plaintiff does not specify the exact length of the delay in receiving medical care.

[4] A broken pelvis, left untreated for days, could cause extreme pain.

6

in receiving pain medications" for pain an inmate experienced following a leg amputation) (citing *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001) ("We have held that the substantial harm requirement may be satisfied by . . . considerable pain."); *see Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422-23 (5th Cir. 2017) ("The pain suffered during a delay in treatment can constitute a substantial harm . . . ."); *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (finding substantial harm where the plaintiff endured *severe chest pains* during a four-hour delay in medical care); *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019) (suggesting that severe, excruciating pain from a fractured ankle combined with a two-to-three-day delay in treatment could constitute substantial harm).[5]

The Court should retain Plaintiff's claim that Vaughn failed to provide medical care during the delay between the time of injury and when Plaintiff received medical care days later.

B. <u>Defendants Huffs, Arnold, Mills, Rushing, and Johnson</u>

Plaintiff alleges that "after being notified by the inmates in [the] dormitory that the plaintiff [slipped] and fell on the wet floor and was in need of medical assistance[,]" Defendants Huffs and Arnold "yelled and told the inmates to stay away from the entrance of the C-Dormitory door[.]" [doc. # 8, pp. 3-4]. Huffs and Arnold allegedly "disregarded the plaintiff's serious medical need[] and failed to make routine rounds to check on him . . . ." *Id.*

Plaintiff, however, does not plead a plausible claim. While he alleges that Huffs and Arnold knew that he fell and required unspecified medical assistance, he does not allege that

---

[5] *See also Austin v. City of Pasadena, Texas*, No. 22-20341, 2023 WL 4569562, at *9 (5th Cir. July 18, 2023) ("[P]romptly failing to call for emergency assistance when a detainee faces a known, serious medical emergency . . . constitutes unconstitutional conduct. . . . The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay.") (cited sources omitted).

7

Huffs and Arnold knew the nature of his injuries or, consequently, that he had a serious medical need and was exposed to a substantial risk of serious harm.[6] Thus, he does not plausibly allege that Huffs and Arnold were deliberately indifferent.

Further, that Huffs and Arnold *should have* made "routine rounds" to discover his injuries sounds in potential negligence at best. The defendants did not, under this allegation, *know* of a substantial risk of serious harm; rather, Plaintiff alleges that they *should have known* because they should have remained vigilant and in the proper location. Acts of negligence do not constitute deliberate indifference. *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 459 (5th Cir. 2001) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.").

---

[6] *See Rombach v. Culpepper*, 2021 WL 2944809, at *5 (5th Cir. July 13, 2021) (finding that no defendant knew the plaintiff was exposed to a substantial risk of serious harm where the plaintiff only told them that he "did not feel well and [that] he wanted to go to the hospital."); *Miguel v. McLane*, 2024 WL 747232, at *1 (5th Cir. Feb. 23, 2024) ("San Miguel asserts that he requested help from several people but pleads no facts involving when or where he asked Bearden for help."); *Thompson v. Texas Dep't of Crim. Just.*, 67 F.4th 275, 282 (5th Cir. 2023) ("Thompson only alleges, for example, that Dr. Hulipas, the facility's medical director, 'was made aware of plaintiff's condition, or should have been made aware, per TDCJ's emergency care protocol.' But such allegations fall short of facts demonstrating that supervisors knew of a substantial risk of harm to Thompson."); *Roberts v. Lessard*, 841 F. App'x 691 (5th Cir. 2021) (Correctional center guards were not subjectively aware that inmate faced substantial risk of harm even though guards were aware that inmate was displaying stroke symptoms; inmate's symptoms, which included sweating, slurring speech, and trouble controlling movements, could also have suggested that he was intoxicated, and it was uncontested that guards believed the inmate was intoxicated); *Trevino v. Hinz*, 751 F. App'x 551, 556 (5th Cir. 2018) ("Plaintiffs' own allegations show that Trevino's symptoms were initially ambiguous, and that Officers Hauck and Hinz were therefore not unreasonable in believing she did not require immediate medical attention. Trevino vomited, had several shaking episodes, and told the officers she was sick. None of these symptoms clearly indicated Trevino was undergoing an emergency necessitating immediate medical attention."); *Cleveland v. Bell*, 938 F.3d 672 (5th Cir. 2019) (noting that "actual knowledge is an essential element" and finding, where a nurse thought there was nothing wrong with Cleveland and believed he was faking illness, that the nurse did not draw the inference that Cleveland was experiencing a life-threatening medical emergency).

8

Like his claim against Huffs and Arnold, Plaintiff next claims that Nurse Penny Johnson failed to treat him after she learned that he fell. [doc. #8, p. 5]. While he alleges that Johnson knew that he fell, he does not allege that Johnson knew that he suffered any injury or, if she did know he was injured, the nature of his injuries. Consequently, he does not plausibly allege that Johnson knew he had a serious medical need and was exposed to a substantial risk of serious harm. Thus, he does not plausibly allege that Johnson was deliberately indifferent.

Finally, Plaintiff claims that Defendant Mills "failed to get help for the plaintiff on the day of the incident while she [was] working inside the booth key but rather disregarded any medical assistance . . . [sic]." [doc. # 8, p. 3]. He similarly claims that Defendant Rushing failed to call an ambulance. *Id.* at 5. Distilled, however, Plaintiff alleges only that Mills and Rushing failed to provide medical care, which is entirely conclusory. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet."). Plaintiff provides even less information concerning what Mills and Rushing knew than he does above about Huffs and Arnold.[7] He does not, for example, state what he told the defendants or what they observed. Thus, he does not plead deliberate indifference, failing to allege that Mills or Rushing knew of his serious medical need and a substantial risk of serious harm.

The Court should dismiss Plaintiff's claims against Huffs, Arnold, Mills, Rushing, and Johnson.

---

[7] The undersigned provided Plaintiff with clear guidance on the information needed by the Court. Plaintiff was ordered to amend and "explain *what* he told the defendant or what medical care he requested; [] explain *why* he requested medical care (in other words, what were Plaintiff's medical needs/symptoms when he requested care?); and [] explain *how* that defendant knew of and disregarded a substantial risk of serious medical harm to him." [doc. # 7, p. 2].

### 3. RPDC Medical Department

Plaintiff names RPDC Medical Department as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, the Court should dismiss Plaintiff's claims against RPDC Medical Department because it does not qualify as a juridical person. *See Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (finding that the plaintiff did not show "that the Medical Department is a legal entity amenable to suit . . . ."); *see also Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002).

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Jamie H. Lindsey's claims against RPDC Medical Department, James Huffs, Daniel Arnold, Judy Mills, Eric Rushing, and Penny Johnson be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 30th day of May, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge